■ HAYA GABBAY, Respondent, v ABRAHAM GABBAY, Appellant. [687 NYS2d 673] —In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Queens County (Goldstein, J.), dated December 23, 1997, which, upon a periodic *sua sponte* review, directed his continued incarceration for contempt of court for having impaired the rights of the plaintiff and the parties' infant children by failing to pay arrears of $45,550 for court-ordered payments for telephone, tuition, mortgage, and maintenance.

Ordered that on the Court's own motion the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Queens County, for further proceedings consistent herewith, which are to be held with all convenient speed.

The appellant has been continuously incarcerated since June 1996 for failure to make court-ordered payments and has accumulated arrears in the sum of $45,550. The court periodically conducted 6-month and 90-day reviews of the appellant's refusal to satisfy the arrears and periodically found that the appellant continued to willfully refuse to make the required support payments and repeatedly re-ordered his incarceration.

By order dated July 17, 1997, the Supreme Court appointed the respondent the receiver of all of the appellant's commercial property, authorizing her to collect all rents from the tenants of those properties. The court further ordered that the respondent would use any surpluses after the payment of the mortgages, carrying charges, and current pendente lite awards to reduce the $45,550 arrears. Since the appellant's commercial property was sequestered, he was stripped of his ability to reduce the arrears. Apparently the respondent has not been required by the court to account for the money collected during her receivership, nor has she submitted to the court a report as to whether the appellant's assets can be sold in order to pay the outstanding arrears (see, Domestic Relations Law § 243).

Accordingly, the matter is remitted to the Supreme Court for the purposes of conducting a hearing requiring the respondent to account for the money obtained during her receivership, that is, an accounting as to assets, income, and expenses and to ascertain whether surpluses have been realized to reduce the arrears owed by the appellant. Further, the efficacy of a sale or transfer of the sequestered property to satisfy the appellant's arrears shall also be considered by the hearing court. S. Miller, J. P., Florio, McGinity and Luciano, JJ., concur.